# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TERRY JAMES LEE and SKYLER WAGNER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:18-cv-01203 ) CHIEF JUDGE CRENSHAW ) |
| [F/N/U] SMITHSON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Terry James Lee and Skyler Wagner, inmates at the Williamson County Jail in Franklin, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Corporal Smithson and Jefferey Barbee. (Doc. No. 1.) Both Lee (Doc. Nos. 2, 6) and Smithson (Doc. Nos. 3, 7) filed applications to proceed in this Court without prepaying fees and costs.

## I.  Applications to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiffs' *in forma pauperis* applications that they lack sufficient financial resources from which to pay the full filing fee in advance, their applications (Doc. Nos. 2, 3, 6, 7) will be granted. Each Plaintiff will be assessed half of the full $350.00 filing fee, or $175.00 each, as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## II.  Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

Court must also construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiffs allege that, on the morning of October 20, 2018, a white inmate named Jefferey Barbee called them "black n*****." (Doc. No. 1 at 5.) That afternoon, Plaintiff Wagner reported this incident to Corporal Smithson. (Id.) Smithson then told Plaintiffs that they "was some black n*****" and smiled. (Id.) Plaintiffs request that Smithson be demoted and ordered to take a mental health class, and that Barbee be charged with harassment. (Id. at 6.) Plaintiffs also request monetary damages from Smithson and Barbee. (Id.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

As an initial matter, Plaintiffs fail to state a claim against Defendant Jefferey Barbee because he was not "acting under the color of state law" for the purposes of Section 1983. Defendant Barbee is an inmate at the Williamson County Jail, and "an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." Goodell v. Anthony, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001) (collecting cases). Defendant Barbee is subject to dismissal for this reason alone.

In carrying out his duties as an employee of the Williamson County Jail, Corporal Smithson was a "state actor" under Section 1983. Nonetheless, while the Court does not condone the alleged language used by Barbee and Smithson, Plaintiffs fail to show how this language deprived them of any constitutional rights. "The occasional use of racial slurs, although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." Jones Bey v. Johnson, 248 F. App'x 675, 677–78 (6th Cir. 2007) (citations and internal quotation marks omitted); Wingo v. Tenn. Dep't of Corr., 477 F. App'x 453, 455 (6th Cir. 2012) (citing Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). Accordingly, Plaintiffs fail to state a claim against Defendant Smithson as well.

**III.     Conclusion**

For these reasons, the Court concludes that Plaintiffs fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Plaintiffs' applications to proceed *in forma pauperis* (Doc. Nos. 2, 3, 6, 7) will be granted, this action will be dismissed, and the Court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiffs leave to proceed *in forma pauperis* on any appeal.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE