UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TERRY JAMES LEE and | ) | |
|---|---|---|
| SKYLER WAGNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | NO. 3:18-cv-01203 |
| v. | ) | CHIEF JUDGE CRENSHAW |
| | ) | |
| [F/N/U] SMITHSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Terry James Lee and Skyler Wagner, inmates at the Williamson County Jail in Franklin, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Corporal Smithson and Jefferey Barbee. (Doc. No. 1.) Both Lee (Doc. Nos. 2, 6) and Smithson (Doc. Nos. 3, 7) filed applications to proceed in this Court without prepaying fees and costs.

I. **Applications to Proceed as a Pauper**

It appears from Plaintiffs' *in forma pauperis* applications that they lack sufficient financial resources from which to pay the full filing fee in advance. Plaintiffs' applications (Doc. Nos. 2, 3, 6, 7) are therefore **GRANTED**, and each Plaintiff is **ASSESSED** $175.00 (half of the $350.00 filing fee), to be paid as follows:

The custodian of each Plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of--(A) the average monthly deposits to the [plaintiff's] account; or (B) the average monthly balance in the [plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from each Plaintiff's account and pay to the Clerk monthly

payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until each Plaintiff has paid his $175.00 assessment in full. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Williamson County Jail in Franklin, Tennessee, to ensure that the custodian of Plaintiffs' inmate trust accounts complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If either Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows that Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify the corresponding Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review

For the reasons stated in the accompanying Memorandum Opinion, the Court concludes that Plaintiffs fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Accordingly, this action is **DISMISSED**. For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith, and therefore will not grant Plaintiffs leave to proceed *in forma pauperis* on any appeal. 28 U.S.C. § 1915(a)(3).

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE